## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **KEVIN STANBRIDGE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 12-CV-3067** |
| | ) | |
| **GREGORY SCOTT,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

On February 28, 2012, Petitioner, Kevin Stanbridge, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1), with attached exhibits. The case was assigned to United States District Judge Sue Myerscough. On April 27, 2012, Petitioner paid the $5.00 filing fee. On January 30, 2013, Judge Myerscough entered a text order and directed Petitioner to file his § 2254 petition using the proper form. On March 18, 2013, Petitioner filed a Supplemental Petition (#5), with attached exhibits, using the proper form. Respondent was ordered to file an answer or responsive pleading by June 10, 2013. On May 31, 2013, Respondent filed a Motion to Dismiss for Lack of Jurisdiction (#9). On June 3, 2013, Respondent filed a Motion to Withdraw the Motion to Dismiss (#11). Respondent asked the court to allow him to withdraw the earlier Motion to Dismiss and permit the filing of the attached Motion to Dismiss, which was essentially identical to the earlier motion but which stated that it was brought pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

---

[1] Gregory Scott has replaced Forrest Ashby as the Director of the Rushville Treatment and Detention Facility. The clerk will be directed to change the name of the Respondent on the docket.

States District Courts.  On June 10, 2013, Plaintiff filed a Response to Motion to Dismiss (#12).

In the Motion to Dismiss, Respondent noted that "[i]n April 2013, counsel for respondent informed this Court's chambers that Judge Myerscough sat on the appellate court panel that affirmed the dismissal of postconviction relief in case No. 4-08-0956."  On November 1, 2013, Judge Myerscough entered an Order (#13).  She stated that Respondent had notified her that she sat on the Illinois Fourth District Appellate Court panel that dismissed Petitioner's case on postconviction appeal, a decision which did not address the merits of Petitioner's claims.  Judge Myerscough stated that the question was whether she should recuse herself from the case.  Judge Myerscough asked the parties to file a response addressing this issue.  Both Petitioner and Respondent filed a Response (#14, #15).  Petitioner stated that he did not believe Judge Myerscough should recuse herself in this case.  However, Respondent stated that, although he did not doubt Judge Myerscough's impartiality, he believed the case should be transferred to a different judge to avoid all appearance of impropriety.  On December 6, 2013, Judge Myerscough entered a text order and stated that she did not "believe that recusal is necessary in this habeas corpus matter based on [her] presence on the Illinois Fourth District Appellate Court panel that dismissed Petitioner Kevin Stanbridge's state post-conviction appeal on procedural grounds."  She stated that, nonetheless, she recused herself.

On December 9, 2013, the case was assigned to this court.  This court has carefully reviewed the arguments of the parties, the exhibits filed in this case and pertinent case law. Following this careful and thorough review, this court rules as follows: (1) Respondent's Motion to Withdraw (#11) is GRANTED and the clerk is directed to file the attached Motion to Dismiss

2

as document #16; (2) Respondent's original Motion to Dismiss (#9) is withdrawn; (3) Respondent's Motion to Dismiss (#16) is GRANTED; and (4) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) and Supplemental Petition (#5) are dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On November 16, 2001, a jury in the circuit court of Adams County found Petitioner guilty of aggravated criminal sexual abuse, a Class 2 felony.  On January 9, 2002, the trial court sentenced him to a term of seven years in the Illinois Department of Corrections (IDOC). Petitioner appealed, and the Illinois Appellate Court, Fourth District, reversed the conviction and remanded the case for a new trial.  *People v. Stanbridge*, 810 N.E.2d 88 (Ill. App. Ct. 2004) (finding that the trial court erred in admitting evidence of an uncharged crime).  A new trial was subsequently held and, on April 20, 2005, a jury again found Petitioner guilty of aggravated criminal sexual abuse.  On May 3, 2005, the trial court sentenced him to a term of seven years in the IDOC, to be followed by two years of mandatory supervised release (MSR).  Petitioner appealed, and the Appellate Court affirmed.  *People v. Stanbridge*, No. 4-05-0585 (July 14, 2007) (unpublished order).  The Illinois Supreme Court denied Petitioner's petition for leave to appeal (PLA) on September 26, 2007.

In May 2005, during the pendency of Petitioner's appeal, the State filed a petition to involuntarily commit him as a sexually violent person under the Sexually Violent Persons Commitment Act (Sexually Violent Persons Act), 725 Ill. Comp. Stat. 207/1 *et seq.* (West 2004). *See In re Detention of Stanbridge*, 980 N.E.2d 598, 602 (Ill. 2012).  According to Petitioner, he was served with the petition on May 5, 2005, and was released from the IDOC on May 10, 2005.

He was then taken into the custody of the Illinois Department of Human Services, which was located at Joliet, Illinois, at that time.  On May 10, 2007, while the civil commitment case was still pending, Petitioner completed his term of MSR and was discharged from IDOC's custody.  Petitioner had been released from prison on May 10, 2005, and the two-year period of MSR expired on May 10, 2007.  *See People v. Stanbridge*, Case No. 4-10-0565, 2012 WL 7008728 (March 8, 2012) (unpublished order).

Following a trial on the State's commitment petition, in October 2007, a jury found Petitioner to be a sexually violent person as defined by section 5(f) of the Sexually Violent Persons Act, 725 Ill. Comp. Stat. 207/5(f) (West 2004).  *Stanbridge*, 980 N.E.2d at 602.  In February 2008, the trial court ordered Petitioner committed to a secure facility for institutional care and treatment until such time as he is no longer a sexually violent person.  *Stanbridge*, 980 N.E.2d at 602-03.  Petitioner's commitment was affirmed on direct appeal.  *In re Kevin S.*, No. 4-08-0163 (2008) (unpublished order).[2]

On March 20, 2008, Petitioner filed a petition for postconviction relief in the circuit court of Adams County.  Petitioner alleged that, in his second trial for aggravated criminal sexual abuse, the trial court erroneously prevented him from presenting evidence of prior misconduct by the victim.  On December 4, 2008, the court granted the State's motion to dismiss the postconviction petition.  Petitioner appealed, and the Appellate Court affirmed.  *People v.*

---

[2]  On November 29, 2012, the Illinois Supreme Court concluded that the trial court properly denied Petitioner's petition for discharge because the court properly concluded that Petitioner "had not presented a plausible account that he was 'no longer a sexually violent person.'" *In re Detention of Stanbridge*, 980 N.E.2d 598, 618 (Ill. 2012).  The court stated that "[w]ithout some evidence of progress or other relevant changed circumstances, [Petitioner's expert's] opinion was insufficient to establish probable cause."  *Stanbridge*, 980 N.E.2d at 618.

*Stanbridge,* Case No. 4-08-0956 (June 23, 2010) (unpublished order).  The Appellate Court concluded that Petitioner had no statutory right to file a postconviction petition.  The court found that, because he had fully served his sentence before filing his petition, the Post-Conviction Act afforded him no remedy.  *Stanbridge*, Case No. 4-08-0956, at p.3.  The court rejected Petitioner's argument that an amendment to section 15(e) of the Sexually Violent Persons Act, which went into effect on January 1, 2007, tolled the running of his term of MSR so he was still deprived of liberty based on his criminal conviction.  *Stanbridge*, Case No. 4-08-0956, at p.6-7, *citing* 725 Ill. Comp. Stat. 207/15(e) (West 2008).  The court concluded that the amendment could not be given retroactive effect and did not apply to Petitioner.  *Stanbridge*, Case No. 4-08-0956, at p.6-7.  The court then stated that "[i]t follows that the term of mandatory supervised release was expired when defendant filed his postconviction petition; therefore he was not within the class of persons entitled to seek a remedy under the Post-Conviction Hearing Act." *Stanbridge*, Case No. 4-08-0956, at p.7; *see also People v. Bethel*, 975 N.E.2d 616, 623 (Ill. App. Ct. 2012) (tolling provision of Sexually Violent Persons Act does not apply retroactively); *People v. Steward*, 940 N.E.2d 140, 150 (Ill. App. 3d 2010) (tolling provision of Sexually Violent Persons Act did not apply to the defendant, who was placed on MSR nine months before the effective date of the provision).

On June 1, 2010, while Petitioner's appeal of the dismissal of his first postconviction petition was still pending, Petitioner filed a motion for leave to file a successive postconviction petition.  In his proposed successive postconviction petition, Petitioner claimed to possess evidence of a conspiracy between the trial court and the prosecutor to retaliate against him.  The trial court entered an order denying leave to file a successive postconviction petition.  Petitioner

5

appealed, and the appellate court concluded that Petitioner was barred by collateral estoppel from relitigating his argument that section 15(e) should be considered to have tolled his MSR. *People v. Stanbridge*, Case No. 4-10-0565, 2012 WL7008728 (March 8, 2012) (unpublished order). Petitioner's PLA was denied by the Illinois Supreme Court on May 30, 2012.

ANALYSIS

Petitioner filed his original Petition (#1) in this case on February 28, 2012, and his Supplemental Petition (#5) on March 18, 2013.  In his Supplemental Petition (#5), Petitioner stated that he was challenging his conviction of aggravated criminal sexual abuse.  He raised the following issues: (1) the prosecutor improperly retaliated against Petitioner following the appellate court's reversal of his first conviction by authoring a prejudicial letter to the Illinois Attorney General; (2) at the bond hearing on remand following the appellate court's reversal, the prosecutor improperly mentioned that Petitioner was a potential candidate for civil commitment; (3) media coverage was prejudicial and deprived Petitioner of a fair trial; (4) the prosecutor made prejudicial and improper closing arguments; (5) the prosecutor and trial court engaged in ex parte communications; (6) his appellate counsel was ineffective for dismissing Petitioner's appeal from his unsuccessful petition for relief from judgment; and (7) the trial court committed multiple errors when it dismissed Petitioner's first postconviction petition.

In his Motion to Dismiss (#16), Respondent contends that this court lacks subject matter jurisdiction over this case because, when Petitioner filed this habeas petition challenging his Adams County criminal conviction, he was no longer in custody on that judgment, having completed his term of MSR on May 10, 2007.  In his Response to the Motion to Dismiss, Petitioner argues that his SVP civil commitment was the anticipated collateral consequence and

purpose of his conviction and sentence.  Petitioner argues that his "parole may have expired for the purposes of IDOC records on May 10, 2007, but [he] remained in continuous physical custody for the sexually violent offense conviction and pursuant to the SVP Act."

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Respondent is correct that the United States Supreme Court has explained that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989), *quoting* 28 U.S.C. § 2241(c)(3) (emphasis in original); *see also* 28 U.S.C. § 2254(a). The Supreme Court has interpreted this "in custody" language to require that the petitioner be in custody on the conviction or sentence under attack at the time the petition is filed.  *Maleng*, 490 U.S. at 490-91, *citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  A person is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  *Maleng*, 490 U.S. at 491 (emphasis in original); *see also Brown v. Walker*, 2006 WL 1156869, at *1 (N.D. Ill. 2006).  Furthermore, the collateral consequences of an expired conviction are not sufficient to render a person "in custody" for the purposes of a habeas attack upon it.  *Maleng*, 490 U.S. at 491; *see also Brown*, 2006 WL 1156869, at *1.

In this case, Petitioner is challenging his Adams County conviction, raising numerous arguments regarding why his rights were violated.  Petitioner has not contested the fact that he is no longer "in custody" for that conviction.  In fact, his MSR term expired on May 10, 2007

7

and he did not file his original Petition until February 28, 2012.  Instead, Petitioner has argued that he has remained in custody under the Sexually Violent Persons Act and that this custody "was the anticipated collateral consequence" of his Adams County conviction and sentence. This court agrees with Respondent that the law is clear that this court lacks subject matter jurisdiction over this case because, when Petitioner filed this habeas petition challenging the Adams County criminal judgment, he was no longer in custody on that judgment.  *See Maleng*, 490 U.S. at 490-91.  This court agrees with Respondent that *Maleng* clarified that a petitioner cannot claim that he is "in custody" for a conviction that has fully expired simply because that conviction was used to enhance the terms of his current custody.  *Maleng*, 490 U.S. at 491-93. Instead, when a subsequent sentence or custody is imposed, it is pursuant to that judgment alone that the petitioner is "in custody" for purposes of federal habeas review.  *Maleng*, 490 U.S. at 492-93.  Therefore, Petitioner cannot attack his Adams County criminal judgment on the ground that it provided a basis for his current civil commitment.  Because Petitioner is not "in custody" as is required by 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), this court does not have subject matter jurisdiction to hear his Petition.  *See Brown*, 2006 WL 1156869, at *2.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the

8

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether this court lacks subject matter jurisdiction over Petitioner's Petition and Supplemental Petition. This court also concludes that jurists of reason would not find it debatable whether Petitioner's Petition states a valid claim of the denial of a constitutional right.  Therefore, this court concludes that a COA is unwarranted.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to change the name of the Respondent to Gregory Scott, who is now the Director of the Rushville Treatment and Detention Facility.

(2)  Respondent's Motion to Withdraw (#11) is GRANTED and the clerk is directed to file the attached Motion to Dismiss as document #16.

(3) Respondent's original Motion to Dismiss (#9) is withdrawn.

(4) Respondent's Motion to Dismiss (#16) is GRANTED.

(5) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) and Supplemental Petition (#5) are dismissed for lack of subject matter jurisdiction.

(6) A certificate of appealability is DENIED.

(7) This case is terminated.

ENTERED this 6th day of January, 2014

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE